## SUPERIOR COURT OF BALTIMORE CITY.

———

Filed May 26, 1908.

———

### JOHN W. CARROLL
### VS.
### THE MANGANESE STEEL SAFE COMPANY, DEFENDANT; THE METROPOLITAN SAVINGS BANK, GARNISHEE.

———

*R. E. Lee Marshall* for plaintiff.
*Alfred J. Shriver* and *H. M. Benzinger* for defendant.

SHARP, J.—

This case arises under Article 9, Section 10, of the Code of Public General Laws of Maryland.

The plaintiff, claiming to be a creditor of the defendant, the Mangenese Steel Safe Company, a non-resident corporation, issued an attachment and laid it in the hands of the Metropolitan Savings Bank. The garnishee filed a plea of general issue for the defendant and a plea of nulla bona for itself.

At the trial the plaintiff offered evidence tending to prove that a contract had been made between the Manganese Steel Safe Company, the defendant, and the Metropolitan Savings Bank, before the institution of this suit, by which the former agreed to construct and install for the bank a vault in its new banking house. The vault was to be constructed according to certain plans and specifications. Payment was to be made in four instalments, the fourth and final payment being payable on the complete performance of the contract.

At the time of the trial the work had been partly done and three instalments had been paid, as agreed, but the work being unfinished, the final payment was not yet due. No evidence was offered of any other liability of the garnishee to the Manganese Steel Safe Company.

At the trial the garnishee asked the court to instruct the jury that "there was no legally sufficient evidence that the garnishee had in its hands at present, or has received in its hands since the laying of the attachment in this suit, and up to the time of the trial, any credits or other property of the defendant, and their verdict must be for the defendant."

This prayer was refused. The verdict was for the plaintiff, but judgment was suspended until it appeared that the contract had been performed, and the liability of the garnishee to the Manganese Steel Safe Company had become absolute.

The garnishee made a motion for a new trial on the ground of error of the court in refusing to instruct the jury as requested.

The motion must be granted. The refusal of the garnishee's prayer was a mistake.

The Code of Public General Laws of Maryland, Article 9, Section 10, provides: "Any kind of property or credits belonging to the defendant in the plaintiff's own hands or in the hands of any one else may be attached; and credits may be attached which shall not then be due."

It is contended by the garnishee that the credit which may be attached must be a sum due absolutely and without any contingency; that money payable on the complete performance of a contract is payable on a contingency, and that the words "which shall not then be due" refer to the time of payment, and not the obligation.

This seems to be a case of first impression in this State, as no Maryland authorities were cited. It has been held in a number of States that when the claim of the defendant against the garnishee is contingent, it is not subject to attachment. (Rood on Attachments, Section 118.)

A number of cases are cited by the author, in support of this proposition, but in the reports of most of them the exact language of the statute under consideration does not appear. As the case at bar turns entirely on the construction of Article 9, Section 10, of the Code, P. G. L., most of the cases cited by the author are of little value in the determination of this case.

The words used in the Code are: "Credits may be attached which shall not then be due."

A similar statute has been construed by the Supreme Court of Wisconsin. (Bishop vs. Young, 17 Wisconsin 46 1863). The words in the statute under consideration were "debts due or to become due." These words were held to import an absolute liability on the part of the garnishee.

The facts as they appear in the report are as follows: The defendant (Grant) contracted to build some houses for the garnishee (Young). Payment was to be made as the work progressed, partly in cash and partly in houses and other property. Bishop, a creditor of Grant, the defendant, laid an attachment in the hands of Young. Grant had not fully performed the contract when the attachment was laid, though it had been partially performed, and certain payments had been made. The court said:

"Upon the facts disclosed in this case, we do not think the garnishee is liable. Grant had not performed his contract at the time of service of process, and consequently, it was impossible to say how much would be due him. It appears that he had been paid all he was entitled to on the contract, if not more.

"Whether he would be entitled to anything further, would depend upon the time and manner of his completing the building. If he did not finish the stores and offices by the first of January, 1860, he is to pay Young such sum as the latter might have leased them for, while for the hall, he was to pay at the rate of twenty dollars a day as stipulated damages after the building was to be completed.

"With such stipulations in the contract, it was, of course, impossible to say what would become due him—what would be the amount coming to Young in consequence of the delay in performing the contract. Who would say that the damages arising from the delay in finishing the building might not amount to more than the part of the contract price which would remain unpaid. And Grant might abandon the work altogether, in which event, nothing would be due him."

"Our statute says that the garnishee, from the day of service of the garnishment process, shall stand liable to the plaintiff in attachment to the amount of the property, moneys and credits in his hands, and debts to become due from him to the defendant. (Sec. 35, Chap. 130.) 'The property, moneys and credits' here spoken of are such as are in the hands of the garnishee which belong to the debtor. And 'debts due or to become due' evidently relate to such as the garnishee owes absolutely, though payable in the future. We have no idea the statute intended to include in the language 'to become due' a debt which might possibly become due by the performance of the contract by the defendant in attachment.

"As already said, Grant was doing work upon a special contract, and where nothing would be due him upon it, would depend upon the time and manner in which he performed it. There was nothing absolutely due him at the time of the service of the garnishment proceedings upon the respondent, and whether anything would ever become due depended on a contingency."

In Foster vs. Singer, 69 Wisconsin 392 (1887), the same statute was under consideration. Foster, the plaintiff, issued an attachment against Phillips, the defendant, and laid it in the hands of Singer. It appeared that Phillips was employed by Singer as a salesman at a salary of $125 per month, due at the end of each month. The attachment was laid on the 28th of the month, at which time there was nothing due Phillips.

The court said (page 395), "Under the evidence in the case at bar, there was nothing due absolutely from the garnishee to Phillips when he was served with the garnishment summons. The evidence clearly shows a hiring by the month for a salary to be paid at the end of the month, and according to the decision of this Court, the contract is an entirety.

"Phillips could not recover any part of his wages unless he worked the

whole month. If Phillips had quit
work on the 29th, he could not have re-
covered any part of his wages for the
month. The debt, therefore, would only
become due upon the contingency that
Phillips continued to work for the gar-
nishee for the entire month."

(See also Rood on Attachments,
Section 119, etc.) By the law of Wis-
consin a debt must be due at the time
of the institution of the suit to be
liable to attachment ibid.

In the case at bar it was contended
for the plaintiff that the proper prac-
tice was that pursued, viz., to con-
demn whatever interest, absolute or
contingent, the defendant had in the
contract, suspending execution, how-
ever, until the rights of the defendant
and garnishee were settled.

The same contention was made and
overruled in Williams vs. Androscoggin
and Kennebec Railroad Company. (36
Maine 207.) The other authorities
cited are against the contention. (See
also, Rood on Attachments, Sections
126, 391, etc.)

Following the authorities cited, it
must be held that the true construc-
tion of Article 9, Section 10, Code of
Maryland, is that the credits which
may be attached, "which shall not be
then due," must be of debts due ab-
solutely, though, perhaps, payable in
the future, and not debts depending
on any contingency.

In this case the right of the Man-
ganese Steel Safe Company to the final
payment depended on a contingency, i.
e., the performance of the contract ac-
cording to its terms.

Such a debt for the reason stated
cannot be attached.

There was error in refusing the
prayer, and a new trial must be
granted.